```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


FRANCIS TEJANI KUNDRA,            §
NO. A20661647,                    §
                                  §
            Plaintiff,            §
                                  §
v.                                §    CIVIL ACTION NO. H-07-0504
                                  §
CANTEEN CORRECTIONAL SERVICES,    §
a.k.a. COMPASS GROUP USA,         §
et al.,                           §
                                  §
            Defendants.           §
```

**MEMORANDUM OPINION AND ORDER**

Francis Tejani Kundra, a federal detainee confined at the Houston Processing Center (HPC) under the custody and control of the Bureau of Immigration and Customs Enforcement (BICE), filed a complaint in state court against various defendants including Canteen Correctional Services, a.k.a. Compass Group USA (Canteen), a private corporation. Canteen has filed a Motion to Dismiss (Docket Entry No. 5) pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Kundra fails to state a cause of action. After reviewing the pleadings, the court will grant the motion and dismiss this action.

### I.  Procedural History and Claims

Kundra originally filed this action in the 55th District Court of Harris County, Texas, naming Canteen as a defendant along with

Correction Corporation of America[1] (CCA) and two individuals: BICE District Director Sharon Hudson and Warden Robert Lacy. The action was removed to this court pursuant to a Notice of Removal (Docket Entry No. 1) filed by Canteen.

Kundra complains that he is being served "experiment[sic] food that is not fit for human consumption. . ." See Complaint, Docket Entry No. 1-2, at 5. He alleges that his meals are prepared by inmates with no experience in food preparation. Id. at 11. Kundra asserts that he has been forced to eat the food served to him since his admission to HPC on June 23, 2005, and that it is somehow contaminated because he cannot determine what is in the meat. Id. at 7. He also alleges that he suffers heartburn and that his urine has changed color as a result of his diet. Kundra has complained to the medical staff about his gastronomic difficulties and has been given over-the-counter medications; however, his problems persist.

Kundra alleges that Hudson and Lacy are responsible in part because they oversee the operations at HPC and have allowed the dangerous and harmful condition imposed by the experimental food. See id. at 10. He seeks monetary damages for the pain and suffering that he has experienced along with any future harm that he may sustain. Id. at 13.

---

[1] CCA, a private company, operates the HPC facility.

## II.  Canteen's Motion to Dismiss and Other Defendants' Joinder

Canteen has filed a Motion to Dismiss (Docket Entry No. 5) arguing that (1) Bivens does not authorize a cause of action against private entities like Canteen; (2) Kundra improperly bases his claim on the doctrine of respondeat superior; and (3) Kundra fails to state a valid claim.  CCA and Warden Lacy have filed a Joinder (Docket Entry No. 7) adopting and incorporating the defenses raised by Canteen.  They further assert that they are entitled to dismissal pursuant to Kundra's amendment to his state court petition (Plaintiff's Response to Defendants C.C.A. and Warden Lacy's Original Answer and Amendment to Plaintiff's Original Petition, Docket Entry No. 7, Exhibit A) in which he declares his intention to remove CCA and Lacy, along with Director Sharon Hudson, as defendants in this action, and to proceed only against defendants Canteen and Canteen employee J. Heerkes.

## III.  Analysis

This prisoner action is evaluated under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 91 S.Ct. 1999 (1971), in which the Supreme Court recognized the right of individuals to assert claims for damages against federal officials in causes of action similar to suits brought against state officials under 42 U.S.C. § 1983.

**A.   Canteen is a Private Corporation**

In an amendment to his petition (Exhibit A, Docket Entry No. 7), Kundra states that this suit is brought only against Canteen.  <u>Bivens</u> claims are asserted against individual federal officials who have violated a person's constitutional rights; they may not be brought against private entities, even those acting under color of federal law.  <u>Correctional Services Corporation v. Malesko</u>, 122 S.Ct. 515, 519 (2001).  Kundra should be aware of this limitation because he has previously brought a suit against the CCA, which was rejected on the same ground.  <u>See</u> <u>Kundra v. Johnson</u>, 2006 WL 1061913, *2 (S.D. Tex. Apr. 21, 2006), <u>citing</u> <u>Malesko</u>.  Consequently, Kundra's complaint against Canteen is subject to dismissal because, as a private corporation, Canteen cannot be sued for damages under <u>Bivens</u>.

**B.   Respondeat Superior**

Kundra's action against Canteen is also subject to dismissal due to his reliance on the theory of vicarious liability or <u>respondeat superior</u> with regard to the service of food.  See Docket Entry No. 1-2, at 8-9.  A civil rights claim may not be established under this theory.  <u>Kohler v. Englade</u>, 470 F.3d 1104, 1114-15 (5th Cir. 2006); <u>Abate v. Southern Pacific Transportation Corporation</u>, 993 F.2d 107, 110 (5th Cir. 1993) ([R]espondeat superior liability is not available in a <u>Bivens</u> action.).   <u>See also</u> <u>Eason v. Thaler</u>,

-4-

73 F.3d 1322, 1327 (5th Cir. 1996) ("There is no respondeat superior liability under section 1983."). Kundra fails to name any individual who could be held personally accountable for the allegedly tainted food. Moreover, he does not identify any policy or custom of Canteen that can be linked to his complaint. As such, his claim must be dismissed. See Anderson v. Pasadena Independent School Dist., 184 F.3d 439, 443 (5th Cir. 1999); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983)("Personal involvement is an essential element of a civil rights cause of action."). See also Abate, 993 F.2d at 111.

**C.   Conditions Claim**

In addition to failing to name a party that can be held liable in this suit, Kundra fails to assert an actionable claim with regard to his alleged conditions of confinement. Custodial officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care. Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001); Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999), citing Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Eason, 73 F.3d at 1327 ("inmates must receive 'reasonably adequate' food"), quoting George v. King, 837 F.2d 705 (5th Cir. 1988). To establish a constitutional violation a prisoner must demonstrate that the deprivation is 'sufficiently serious' to endanger his health and that the prison officials were deliberately indifferent to the

danger. Palmer, 193 F.3d at 352, citing Farmer, 114 S.Ct. at 1977. A prisoner does not have a right to comfortable living conditions, and only deprivations that deny "the minimum civilized measure of life's necessities," are considered a violation of an inmate's right not to be subjected to cruel and unusual punishment. Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991), quoting Rhodes v. Chapman, 101 S.Ct. 2392, 2399 (1981).

Inmates are not entitled to any particular diet beyond that which satisfies their basic needs. Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998); Kahey v. Jones, 836 F.2d 948, 950 (5th Cir. 1988), citing Udey v. Kastner, 805 F.2d 1218 (5th Cir. 1986). Prison officials do not violate the Eighth Amendment with regard to nutrition if the inmates receive 'reasonably adequate' food. Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996), citing George v. King, 837 F.2d 705, 707 (5th Cir. 1988). See also Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977) (prison authorities must provide inmates food "containing sufficient nutritional value to preserve health"). An occasional lapse in nutrition does not constitute an actionable violation. See Talib, 138 F.3d at 214 n.3. See also Green v. Ferrell, 801 F.2d 765, 770-771 (5th Cir. 1986) (two meals each day may be sufficient to feed a prisoner). Kundra's unsupported claims of 'experimental' meals do not support an actionable Bivens claim. See Morrison v. City of Baton Rouge, 761 F.2d 242, 244 (5th Cir. 1985).

The pleadings indicate that the inmates at HPC are given nutritionally adequate meals on a regular basis. See Grievance Officer's Report, Docket Entry No. 1-2, at 18. There is no indication that the meals are so deficient as to pose a risk to the inmates' health.

To the extent that Kundra may allege that the food is occasionally mishandled, there is no violation that would warrant action by this court. Herman, 238 F.3d at 666; George, 837 F.2d at 707. Moreover, an occurrence of indigestion does not establish a violation. Id.

Kundra's pleadings do not establish that the defendants' alleged actions have caused any real physical harm to him. See Palmer, 193 F.3d at 352. See also Herman, 238 F.3d at 665, citing 42 U.S.C. § 1997e(e) (no recovery for mental or emotional harm by a prisoner without a showing of physical injury). Without such a showing, Kundra's claims are legally baseless. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999).

**D.   Conclusion**

For all of the reasons stated above, the Motion to Dismiss (Docket Entry No. 5) will be granted. This action will be dismissed because Kundra has failed to present any claims that would entitle him to relief. FED. R. CIV. P. 12(b)(6).

This is not the first baseless prisoner action filed by Kundra. He has filed at least four other prisoner complaints that

have been dismissed as frivolous.  <u>Kundra v. Cooper</u>, No. 4:06cv3334 (S.D. Tex. Dec. 6, 2006); <u>Kundra v. Gould</u>, No. 3:05cv2518 (N.D. Tex. May 31, 2006); <u>Kundra v. Court of Criminal Appeals</u>, No. 3:06cv014 (N.D. Tex. Feb. 8, 2006); <u>Kundra v. Calhoun</u>, No. 3:05cv2511 (N.D. Tex. Feb. 2, 2006).  If Kundra had originally filed his complaint in this court and had moved to proceed as a pauper, the action would be subject to dismissal due to Kundra's litigation history.  <u>See</u> 28 U.S.C. § 1915(g).

Kundra has filed a motion opposing the removal of this action from state court.  (Docket Entry No. 6)  The motion will be denied because Kundra's complaint is based upon an alleged violation of his federal rights.  <u>See</u> <u>Richter v. Merchants Fast Motor Lines, Inc.</u>, 83 F.3d 96, 97 (5th Cir. 1996), <u>citing</u> 28 U.S.C. § 1441.

## IV.  <u>Order</u>

The court **ORDERS** the following:

1. The Motions for Peter Coppinger and Peter Antonelli to Appear *Pro Hac Vice* (Docket Entry Nos. 2 and 3) are **GRANTED**.

2. The Motion Opposing Removal from State Court (Docket Entry No. 6) is **DENIED**.

3. The court will treat Plaintiff's Response to Defendants C.C.A. and Warden Lacy's Original Answer and Amendment to Plaintiff's Original Petition (Exhibit A, Docket Entry No. 7), which plaintiff filed in state court, as a motion to amend.  To the extent that plaintiff seeks to dismiss defendants Correctional Corporation of America, Robert Lacy, and Sharon Hudson, the motion is **GRANTED** and they are **DISMISSED**.  To the extent that the plaintiff

       seeks to add Canteen employee J. Heerkes as a defendant, the motion is **DENIED** because, as a private employee, she is not subject to a damage action under <u>Bivens</u>, because she is not liable under the theory of respondeat superior, and because plaintiff has failed to state a cause of action against her.

4.    The Motion to Dismiss (Docket Entry No. 5) is **GRANTED**, and this action will be dismissed for failure to present a claim for which relief can be granted. F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6).

5.    The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties and the *Pro Se* Law Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 17th day of May, 2007.

                                      SIM LAKE
                         UNITED STATES DISTRICT JUDGE